UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

FLOYDELL C. LIVINGSTON, )
)
        Plaintiff, )
)
   v. ) No. 4:06-CV-234-TCM
)
ALLYSON SEGER, et al., )
)
        Defendants. )

## ORDER AND MEMORANDUM

This matter is before the Court upon the filing of plaintiff's amended complaint [Doc. #8], in accordance with this Court's Order and Memorandum of May 8, 2006 [Doc. #5].

### 28 U.S.C. § 1915(e)

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court may dismiss a complaint filed in forma pauperis at any time if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. An action is frivolous if "it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). An action fails to state a claim upon which relief may be granted if it appears beyond reasonable doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. Conley v. Gibson, 355 U.S. 41, 45-46 (1957); Jackson Sawmill Co. v. United States, 580 F.2d 302, 306 (8th Cir. 1978).

In reviewing a pro se complaint under § 1915(e)(2)(B), the Court must give the complaint the benefit of a liberal construction. Haines v. Kerner, 404 U.S. 519, 520 (1972). The Court must also weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless. Denton v. Hernandez, 112 S. Ct. 1728, 1733 (1992); Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

**Background**

Plaintiff filed his original complaint on February 21, 2006. The named defendants were Allyson Seger, Andrew Griffin, Anton Treis, Mark Keisker, and City of St. Louis. On May 8, 2006, this Court ordered plaintiff to file an amended complaint. Specifically, in the "Caption" of the form complaint, plaintiff was instructed to set forth the name of each defendant he wishes to sue; and in the "Statement of Claim," he was to set forth as to each named defendant how that particular defendant denied him medical treatment. On June 15, 2006, plaintiff filed an amended complaint [Doc. #8].

**The amended complaint**

Plaintiff, an inmate at the St. Louis Medium Security Institution, seeks monetary relief and "a full investigation by . . . the I.A.D., Internal Affairs Division" in this action brought pursuant to 42 U.S.C. § 1983. The named defendants are the City of

2

St. Louis and police officers Anton Treis, Mark Keisker, and Andrew Griffin.

Plaintiff alleges that, on April 5, 2005, he "was at the Phillip 66 [sic] gas station when the three defendants, St. Louis policemen, pulled into [the] station lot." Defendant Trise allegedly "called [plaintiff] over to him and ask[ed] where he lived and immediately began a blatant attempt to get him to kneel with a show of force, afterward, placed handcuffs on him and searched him and removed $32.00 from his person." Plaintiff states that, after he explained he had lived in the area for five years and had done no wrong, he "was on his feet talking to officer Trise." To the extent that plaintiff is attempting to assert an excessive use of force claim against defendant Trise, the claim is legally frivolous, given that plaintiff does not allege that the force used caused him injury. Cf. Lynch v. Harris County Texas, 37 Fed. Appx. 712, 2002 WL 1219789 (5th Cir. 2002)(to state claim for excessive use of force plaintiff must allege more than de minimis injury).

Plaintiff further claims that after defendants Griffin and Keisker "made their arrest of Anton Baker co-defendant with narcotics," defendant Keisker said "he saw [plaintiff] with [a] gun and found drugs in [his] right pocket," and that defendants "conspired to bring about a false affidavit which cause[d] plaintiff['s] incarceration from 4-5-06 to present."

In <u>Younger v. Harris</u>, 401 U.S. 37, 46 (1971), the Supreme Court directed federal courts to abstain from hearing cases where "the action complained of constitutes the basis of an ongoing state judicial proceeding, the proceedings implicate important state interests, and an adequate opportunity exists in the state proceedings to raise constitutional challenges." <u>Harmon v. City of Kansas City, Missouri</u>, 197 F.3d 321, 325 (8th Cir. 1999); <u>see also</u>, <u>Fuller v. Ulland</u>, 76 F.3d 957, 959 (8th Cir. 1996).

Having carefully reviewed the case at bar, the Court concludes that the <u>Younger</u> criteria are satisfied and that abstention is warranted. Plaintiff states that he was charged with possession of drugs and a gun and presently is incarcerated because defendants conspired "to bring about a false affidavit"; his allegations implicate important state interests, particularly with regard to litigation of the criminal charges brought against him; and an adequate opportunity exists in the state criminal proceeding to raise constitutional challenges. Finding no "extraordinary circumstances" that would justify interfering with pending state judicial proceedings, the Court will dismiss the instant action, without prejudice. <u>See</u> <u>Younger</u>, 401 U.S. at 43-44.

Accordingly,

**IT IS HEREBY ORDERED** that, the Clerk shall not issue process or cause process to issue, because the amended complaint is legally frivolous and fails to state a claim upon which relief may be granted. <u>See</u> 28 U.S.C. § 1915(e)(2)(B).

**IT IS FURTHER ORDERED** that, inasmuch as this Court granted plaintiff's original motion to proceed in forma pauperis [Doc. #1] on May 8, 2006, plaintiff's subsequently-filed motion for leave to proceed in forma pauperis [Doc. #3] is **DENIED** as moot.

**IT IS FURTHER ORDERED** that the Clerk shall docket this case as <u>Floydell C. Livingston v. Anton Treis, Mark Keisker, Andrew Griffin, and City of St. Louis</u>.

An appropriate Order shall accompany this Order and Memorandum.

Dated this 12th day of July, 2006.

_____
**UNITED STATES DISTRICT JUDGE**